Duke v. Corcoran
Decided Feb. 5, 1998
(NOT TO BE CITED AS AUTHORITY)

No. 97-238

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 19N

IN RE THE VISITATION OF:
RACHEL MARIE ELIZABETH CORCORAN
and JACOB DANIEL CORCORAN

AGNES ELIZABETH DUKE and
JAMES ROY DUKE,

Petitioners and Appellants,

v.

KENNETH CORCORAN,

Respondent and Respondent.

APPEAL FROM:   District Court of the Thirteenth Judicial

District,

In and for the County of Yellowstone,

Honorable Diane G. Barz, Judge Presiding.

COUNSEL OF RECORD:

For Appellant:

Jock B. West, West, Patten, Bekkedahl & Green,

Billings, Montana

For Respondents:

Christopher P. Thimsen, Billings, Montana

Submitted on Briefs:  January 15, 1998

Decided:    February 5, 1998

Chief Justice J. A. Turnage delivered the Opinion of the Court.

¶1   Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by the Court.

¶2   Agnes and James Duke appeal from the order of the Thirteenth Judicial District Court, Yellowstone County, denying their motion to set a show cause hearing.  We reverse.

¶3   The sole issue raised on appeal is whether the District Court abused its discretion when it denied the Dukes' motion to set a show cause hearing.

BACKGROUND

¶4   Kenneth and Janiece Corcoran had three children, two of whom are still minors.  Janiece died, and the Dukes, Janiece's parents, petitioned for visitation of their two minor grandchildren.  The Dukes did not pursue their petition, and it was dismissed in May 1993.

¶5   In June 1993, the Dukes petitioned for grandparent visitation pursuant to Sec. 40-4-217(2), MCA (1981).  The District Court

received a Court Services report in November 1994, which recommended supervised visitation. Supervised visitation occurred until April 1996, when the Dukes moved for a hearing to review the Court Services' recommendation for supervised visitation. The District Court denied the Dukes' motion, and Kenneth terminated visitation.

¶6   In September 1996, the Dukes moved the court to issue an order to Kenneth to show cause why he was not allowing visitation. Kenneth objected to setting a show cause hearing. The District Court, without a hearing, denied the Dukes' motion to set a show cause hearing and dismissed their petition for visitation. The Dukes appeal from that order.

## DISCUSSION

¶7   Did the District Court abuse its discretion when it denied the Dukes' motion to set a show cause hearing?

¶8   This Court will overturn a court's custody or visitation decision only when the court's findings and conclusions clearly demonstrate an abuse of discretion. In re Marriage of Hunt (1994), 264 Mont. 159, 164, 870 P.2d 720, 723. Therefore, we consider whether the District Court abused its discretion when it denied the Dukes' motion to set a show cause hearing.

¶9   The Dukes argue the District Court violated their due process rights because it did not afford them a hearing as required by Sec. 40-9-102, MCA, and Sec. 40-4-217(2), MCA (1981). Kenneth responds that the Dukes asked the court to grant them visitation without an evidentiary hearing, which the court properly refused to do. He further argues that the Dukes failed to provide the court with any legal authority in support of their request for visitation.

¶10  Section 40-9-102(2), MCA, formerly Sec. 40-4-217(2), MCA

(1981), permits the grant of visitation to grandparents upon the petition of a grandparent if the court finds, after a hearing, that visitation would be in the best interest of the child. Bradshaw v. Bradshaw (1995), 270 Mont. 222, 235, 891 P.2d 506, 514 (emphasis added).

¶11 The District Court did not afford the Dukes a hearing on their September 1996 motion for a show cause hearing. The District Court's denial of a hearing contradicts the express mandate of Sec. 40-9-102(2), MCA, which requires a court to hold a hearing to determine whether grandparent visitation is in the best interests of the children.

¶12 We conclude the District Court abused its discretion when it denied the Dukes' motion to set a show cause hearing on their petition for grandparent visitation. Accordingly, we order the District Court to conduct a hearing on the Dukes' petition for visitation of their minor grandchildren.

¶13 Reversed and remanded with instructions consistent with this opinion.

CHIEF JUSTICE TURNAGE

We concur:
/S/ WILLIAM E. HUNT, SR.
/S/ JIM REGNIER
/S/ TERRY N. TRIEWEILER
/S/ KARLA M. GRAY